NICHOLAS STROZZA (CA SBN 117234)
Assistant United States Trustee
ELVINA ROFAEL (CA SBN 333919)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Ave., Rm. 05-0153
San Francisco, California 94102
Telephone: (775) 784-5335
Telecopier: (775) 784-5531
Email: Elvina.Rofael@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>IMPACT ENERGY PARTNERS LLC,<br><br>Debtor. | Case No. 22-30476 HLB<br><br>Chapter 11<br><br>Date: Motion for OST Pending<br>Time: Motion for OST Pending<br>Place: Video/Teleconference<br><br>Judge: Hannah L. Blumenstiel |

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO**
**11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**<u>1017(f) AND 9014, TO DISMISS OR CONVERT CHAPTER 11 CASE</u>**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case* ("Motion").[1]

"Cause" exists to dismiss or convert this chapter 11 case to chapter 7. During the October 11, 2022 meeting of creditors, the Debtor testified that properties of the estate are not currently insured with casualty/property replacement insurance. Debtor's testimony in this regard is

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "Fed. R. Bankr. P." are to the Federal Rules of Bankruptcy Procedure.

1

consistent with the IDI questionnaire that was sent to the United States Trustee on October 1, 2022. Consequently, the Debtor's primary assets are not currently protected, posing a significant risk to the estate.

For this reason, the United States Trustee has established cause to dismiss or convert this case pursuant to Sections 1112(b)(4)(C) and (H). The Motion is supported by the Declaration of United States Trustee Bankruptcy Analyst, Nychelle Rivera ("Rivera Decl."), and the exhibits attached hereto.

## I. BACKGROUND FACTS AND PROCEDURAL POSTURE

### A. Summary of Facts.

1. On September 13, 2022, Impact Energy Partners, LLC (the "Debtor") filed a voluntary chapter 11 bankruptcy petition (the "Petition"). [2] ECF No. 1. The Petition is signed by David Schachtschneider. *Id*. The deadline to file documents required by Fed. R. Bankr. P. 1007 and Section 521 (the "Required Documents") expired on September 28, 2022. ECF No. 4.

2. The docket reflects that the Debtor is represented by Vos Law Office, and specifically by John A. Vos (the "Debtor's Counsel"). *See* ECF Docket *generally*. Based on the Docket, an application designating a responsible individual has not been filed. *Id*.

3. On September 26, 2022, the Debtor sought an extension of time to file the Required Documents. ECF No. 13. The Debtor was subsequently granted an extension of time to file the Required Documents to October 4, 2022. ECF No. 15.

---

[2] The United States Trustee respectfully requests that the Court take judicial notice of Debtor's Petition, Schedules, SOFA, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissions of Debtor pursuant to Fed. R. Evid. 801(d).

4. On October 5, 2022, the court entered an order and notice of dismissal after the Debtor failed to file all Required Documents by the extended deadline of October 4, 2022. ECF No. 21. On October 7, 2022, the Debtor filed an ex parte motion to set aside the dismissal. ECF Nos. 25 *and* 26. The Debtor identified an error as Schedules A/B and list of Equity Security Holders were not timely filed by October 4, 2022. *Id*. On October 7, 2022, the court entered an order vacating the dismissal. ECF No. 27.

5. Due to a lack of interest, no Official Committee of Unsecured Creditors has been appointed by the United States Trustee in this case. *See* ECF Docket *generally*.

**B.  The Debtor's Assets and Liabilities.**

6. On Schedule A/B, the Debtor listed, among other assets, residential real property located at 432 Lovell, Mill Valley, CA 94941 (the "Lovell Property") with a scheduled value of $15,000,000 and real property located at 275 Long Ranch Road, St. Helena, CA 94575 (the "Long Ranch Road Property") with a scheduled value of $25,000,000. ECF No. 23.

7. Schedule D reflects one secured claim with respect to the Lovell Property in favor of Private Mortgage Fund LLC ("Private Mortgage Fund") in the amount of $13,442,200. ECF No. 16. Schedule D also reflects five secured claims with respect to the Long Ranch Road Property in favor of: (1) Stefan Grafstein in the amount of $4,000,000; (2) Mark Nelson and Dana Johnson in the amount of $3,200,00; (3) BluEleven Mortgage in the amount of $950,000[3]; (4) Napa County in the amount of $101,268.76; and (5) Private Mortgage Fund in the amount of $0.[4] *Id*.

8. Debtor's Schedule E/F reflects no priority unsecured claims and lists thirty-three non-priority unsecured claims totaling $11,425,195.95. *Id*. Further, on October 3, 2022, the Debtor

---

[3] The Debtor notes that BluEleven Mortgage's claim is "X-Collateralized on Napa and Mill Valley."
[4] The Debtor notes that Private Mortgage Fund's claim is "X-Collateralized on Napa and [*sic*]."

filed a document titled "List of Amended Creditors" in which twenty-six creditors are listed with claims totaling $622,394.78.[5] ECF No. 18.

9. Schedule G does not list any executory contracts or unexpired leases, and Schedule H does not reflect any co-debtors. ECF No. 16.

10. The Statement of Financial Affairs indicates that the Debtor is wholly owned by David Gaian.[6] ECF No. 17. Additionally, the Statement of Financial Affairs does not list any revenue for the Debtor in prior years. *Id*.

**C.   Initial Debtor Interview and 341(a) Meeting of Creditors.**

11. On September 16, 2022, prior to the filing of schedules in this case, and in advance of the Debtor's Initial Debtor Interview ("IDI"), a written request was made to Debtor's Counsel for certain documents (the "First Document Request") including: (1) a copy of bank statements; (2) proof that the Debtor has opened a Debtor in Possession bank account; (3) proof of casualty/property replacement insurance and liability insurance on the Lovell Property and the Long Ranch Road Property; and (4) a copy of the Debtor's Employer Identification Number (EIN) for the bankruptcy estate as required by IRS Notice 2006- 83.[7] *See* Rivera Decl., ¶ 6 *and* Exhibit A.

12. On October 1, 2022, Mr. Schachtschneider provided certain documents that complied with the First Document Request. *See* Rivera Decl., ¶ 7 *and* Exhibit B. However, Mr. Schachtschneider stated on the IDI questionnaire that casualty/property replacement insurance

---

[5] It is unclear whether the "List of Amended Creditors" document supplements the initial Schedules E/F on file or replaces the initial Schedules.

[6] Based on email communications, it appears David Gaian and David Schachtschneider are the same individual. *See* Exhibit B.

[7] The IDI was initially scheduled to take place on October 6, 2022. *See* Exhibit A. However, as a result of the Debtor's case being getting dismissed on October 5, 2022, there was no appearance by the Debtor or Debtor's Counsel at the October 6 IDI. *See* Rivera Decl., ¶ 10 *and* Exhibit F. After the Debtor's ex parte motion to set aside dismissal was granted, the IDI was rescheduled for October 18, 2022. *Id*.

expired on June 8, 2022 for the Long Ranch Road Property and on August 5, 2022 for the Lovell Property. *Id*. *and* Exhibit C, at p. 7 of 16.

13. On October 3, 2022, the undersigned attorney sent Debtor's Counsel a follow-up email expressing an immediate need for proof of reinstated casualty/property replacement insurance for the Lovell Property and the Long Ranch Road Property (the "Second Document Request"). *See* Rivera Decl., ¶ 8 *and* Exhibit D. The Second Document Request also indicated that the IDI questionnaire was not signed (or reviewed) by Debtor's Counsel and a signed questionnaire was requested. *Id*. On October 4, 2022, the undersigned attorney sent Debtor's Counsel a second follow-up email requesting a response to the Second Document Request. *See* Rivera Decl., ¶ 9 *and* Exhibit E

14. On October 7, 2022, after the Debtor's ex parte motion to set aside dismissal was granted, the undersigned attorney sent Debtor's Counsel an email requesting a response to the Second Document Request email sent on October 3, 2022. *See* Rivera Decl., ¶ 10 *and* Exhibit F. The undersigned attorney also reminded Debtor's Counsel of the first meeting of creditors under 11 U.S.C. § 341(a), scheduled for October 11, 2022 (the "Initial MOC"), and informed Debtor's Counsel that the IDI, initially scheduled for October 6, 2022, was rescheduled to October 18, 2022. *Id*.

15. On October 11, 2022, the United States Trustee conducted the Initial MOC, in which Mr. Schachtschneider appeared to testify on behalf of the Debtor with Debtor's Counsel. During the Initial MOC, the Debtor testified that the Lovell Property and the Long Ranch Road Property are not currently insured with casualty/property replacement insurance. *See* Rivera Decl., ¶ 12. Debtor's testimony in this regard is consistent with the IDI questionnaire that was sent to the United States Trustee on October 1, 2022. *See* Rivera Decl., ¶ 7 *and* Exhibit C.

16. On October 11, 2022, immediately following the Initial MOC, a written request was made to Debtor's Counsel for certain outstanding documents that were requested prior the IDI (the "Third Document Request"), including: (1) proof of casualty/property replacement insurance on the Lovell Property and the Long Ranch Road Property; (2) proof the United States Trustee is added as a notifying party on all insurance policies; (3) proof that the Debtor has opened a Debtor in Possession bank account; (4) proof of pre-petition bank account closures; (5) the Debtor's 2021 tax returns; and (6) a copy of the Debtor's operating agreement. *See* Rivera Decl., ¶ 13 *and* Exhibit G.

17. On October 13, 2022, the undersigned attorney sent a follow-up email to Debtor's Counsel concerning the request for proof of casualty/property replacement insurance on the Lovell Property and the Long Ranch Road Property as requested in the Third Document Request. *See* Rivera Decl., ¶ 14 *and* Exhibit H.

18. On October 14, 2022, the undersigned attorney sent a second follow-up email to Debtor's Counsel regarding the Third Document Request, inquiring whether the Debtor has obtained adequate insurance and requested immediate proof of insurance. *See* Rivera Decl., ¶ 15 *and* Exhibit I.

19. As of the date of this Motion, the Debtor has failed to provide proof of adequate and appropriate insurance of the Lovell Property and the Long Ranch Road Property. *See* Rivera Decl., ¶ 16.

## II.     JURISDICTION AND STANDING

20. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(b). The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3). The United States Trustee has

6

Case: 22-30476    Doc# 32    Filed: 10/17/22    Entered: 10/17/22 19:37:04    Page 6 of 12

standing to prosecute the Motion pursuant to 11 U.S.C. §§ 307 and 1112, and Fed. R. Bankr. P. 1017 and 9014. *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000).

### III. ARGUMENT & DISCUSSION

#### A. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) to Dismiss or Convert This Bankruptcy Case.

21. 11 U.S.C. §1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

22. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id*.

23. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to dismiss or convert, it must also: (1) decide whether dismissal or conversion is in the best interests of creditors and the estate; and (2) identify

7

whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

      **B.    Cause Exists Under 11 U.S.C. § 1112(b)(4)(C) because Debtor Has Failed to Maintain Appropriate Insurance on the Lovell Property and the Long Ranch Road Property.**

24.    A chapter 11 case should be dismissed or converted for the debtor's "failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). When a debtor operates real property with structures, Section 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate. *In re Blixesth*, 2009 Bankr. LEXIS 1628 at *13- 17 (Bankr. Mont. May 29, 2009); *In re Perez*, 2014 Bankr. LEXIS 2202 at *4 (Bankr. E.D. Cal. May 14, 2014); *Gilroy v. Ameriquest Mortgage Co., et al. (In re Gilroy)*, 2008 Bankr. LEXIS 3968 at *14-16 (B.A.P. 1st Cir. Aug. 4, 2008) (finding that a debtor's reasons for being unable to obtain insurance for real property of the bankruptcy estate are irrelevant to the Code's requirement to maintain appropriate insurance).

25.    Here, it is undisputed that the Lovell Property and the Long Ranch Road Property are not adequately insured based on the Debtor's own admissions. First, during the Initial MOC, the Debtor testified that the Lovell Property and the Long Ranch Road Property are not currently insured with casualty/property replacement insurance. *See* Rivera Decl., ¶ 12. Second, Debtor's testimony in this regard is consistent with the IDI questionnaire that was sent to the United States Trustee on October 1, 2022. *See* Rivera Decl., ¶ 7 *and* Exhibit C. Consequently, the Lovell Property and the Long Ranch Road Property – the Debtor's primary assets – are not currently protected. Accordingly, the Debtor's failure to maintain appropriate insurance coverage constitutes "cause" for conversion or dismissal. 11 U.S.C. § 1112(b)(4)(C); *In re, Blixesth*, 489 B.R. at 17.

### C. Cause Exists Under 11 U.S.C. § 1112(b)(4)(H) because Debtor Has Failed to Provide Proof of Appropriate Insurance to the United States Trustee.

26. 11 U.S.C. § 1112(b)(4)(H) provides that a case may be converted or dismissed due to a debtor's "failure [to] timely . . . provide information . . . reasonably requested by the United States Trustee." Moreover, the Debtor, as the fiduciary of the estate, is required under United States Trustee Guidelines (at Section 6) to immediately provide the United States Trustee with proof of insurance coverage.[8]

27. During the Initial MOC, the Debtor testified that the Lovell Property and the Long Ranch Road Property are not currently insured with casualty/property replacement insurance. *See* Rivera Decl., ¶ 12. However, the Debtor has not yet provided proof of active and adequate insurance for these scheduled assets although requested by the United States Trustee on several occasions. *See* Rivera Decl., ¶¶ 6, 8-10, *and* 13-15.

28. As of the date of this Motion, the Debtor has failed to provide proof of adequate and appropriate insurance of the Lovell Property and the Long Ranch Road Property. *Id*. Accordingly, additional "cause" is established under Section 1112(b)(4)(H) to dismiss or convert this case.

### D. Once Cause is Established, the Debtor Has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

29. Once "cause" is established, the burden then shifts to the debtor to demonstrate that § 1112(b)(2) precludes relief under section 1112(b)(1). *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013).

---

[8] *See* https://www.justice.gov/ust-regions-r17/region-17-general-information#ch11 (last viewed October 16, 2022)

30. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." See 11 U.S.C. § 1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. See Warren v. Young (In re Warren), 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. In re Sanders, 2013 Bankr. LEXIS 4681 at *18-19.

31. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
> (i) for which there exists a reasonable justification for the act or omission; *and*
> (ii) that will be cured within a reasonable period of time fixed by the court.

23 U.S.C. § 1112(b)(2) (emphasis added).

32. Importantly, Debtor must establish each of the statutory elements set forth under section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc.*, 447 B.R.

10

459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

33. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

### i. Conversion appears to be the appropriate remedy in this case.

34. In deciding on whether dismissal or conversion of a chapter 11 case to a case under chapter 7 is in the best interests of a debtor's creditors and bankruptcy estate, courts generally look to and apply a series of factors in determining which form of relief under section 1112(b)(1) is appropriate once cause for relief has been established:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

(3) Whether the debtor would simply file a further case upon dismissal.

(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

(5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

(6) Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7) Whether the estate consists of a "single asset."

(8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*See Rand v. Porsche Fin. Servs.*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

35. Conversion of this case to Chapter 7 appears to be a more appropriate remedy than dismissal based on the available estate assets, i.e., the Lovell Property and the Long Ranch Road Property. The appointment of a Chapter 7 trustee may more effectively and efficiently liquidate, recover, and/or administer estate assets and any other remaining assets for distribution to creditors.

36. In the alternative, the United States Trustee does not object to the Court dismissing the case if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate.

### IV. CONCLUSION

The United States Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) converting this case to chapter 7, or in the alternative, dismissing the case, if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Dated: October 17, 2022

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE, REGION 17

By: /s/ Elvina Rofael
Elvina Rofael
Attorney for United States Trustee

Case: 22-30476    Doc# 32    Filed: 10/17/22    Entered: 10/17/22 19:37:04    Page 12 of 12