Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Timothy W. Hoffman,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>IMPACT ENERGY PARTNERS LLC,<br><br>Debtor. | Case No. 22-30476 HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel<br><br>[No Hearing Required Unless Requested] |

**MOTION FOR ORDER CONFIRMING ABANDONMENT OF REAL PROPERTY**
**(275 Long Ranch Road, St. Helena, California)**

Timothy W. Hoffman, Chapter 7 Trustee of the estate of the above Debtor, files this motion for an order confirming his abandonment of the estate's real property commonly known as 275 Long Ranch Road, St. Helena, California (the "St. Helena Property"). The Trustee is abandoning the St. Helena Property as being of no or inconsequential value to the estate under 11 U.S.C. § 554(a).

The Debtor attributed a value of $25 million to the St. Helena Property in its Schedule A. However, the Debtor had purchased the St. Helena Property one year earlier (August 2021) for $18.5 million. The Debtor listed it for sale between April and June 2022 for $18.9 million, a price that may have exceeded actual fair market value. The Trustee is informed and believes that, while the St. Helena Property was on the market, the Debtor received an offer of $16 million which the Debtor rejected without making a counter-offer. The Trustee is not aware of any other offers at the time.

The Trustee has estimated that, as of November 30, 2022, $14.6 million will be owed to PMF, the holder of the first deed of trust, $3.6 million will be owed to the holders of the second

deed of trust (Nelson and Johnson), and between $950,000 and $1 million will be owed to the holder of the third priority deed of trust (BluEleven Mortgage). Based on the Trustee's review of public record, the Trustee is informed and believes that property tax that is delinquent for the 2021/2022 tax year and first installment of the 2022/2023 tax year will be approximately $300,000. The total debt secured by the St. Helena Property, therefore, is approximately $19.5 million.

Based on his review of documents on file in the Bankruptcy Court, the Trustee is informed and believes that the Debtor received an offer of $23,540,00 for purchase of the St. Helena Property dated October 18, 2022. The Debtor presented the offer to the Court in its opposition to the motion for an order dismissing the bankruptcy case or converting it to Chapter 7. The Trustee communicated with the Southern California broker who presented the offer and explained that the case had converted to Chapter 7 and that the Trustee was now in control of the St. Helena Property and other assets of the bankruptcy estate. The broker explained that the amount of the offer was intended to equate with the sum of (a) the secured debt as the offeror and broker calculated them and (b) estimated closing costs. The Trustee encouraged the broker to revise the offer and present it to the Trustee as the seller. The broker did so. However, the purchase price was reduced to $20,340,00. There was no explanation for the reduction, but the Trustee infers that the reduced price is directly related to more accurate figures for the secured debt. Based on the estimated amount of secured debt as reflected in the immediately preceding paragraph and a broker's commission of four percent (approximately $800,000), and the existence of no other closing costs (which is virtually impossible, the estate would only break even. Ignoring the Trustee's skepticism about the ability of the buyer to perform, the Trustee believes the revised offer demonstrates that there is little or no equity in the St. Helena Property.

For the reasons stated above, the Trustee has concluded that the St. Helena Property has no realizable value for the estate and that it should be abandoned under Section 554(a) of the Bankruptcy Code. There is no justification for preventing three secured creditors from pursuing their rights under state law to foreclose on their security interests.

WHEREFORE, the Trustee requests an order authorizing the relief described above.

| | |
|---|---|
| DATED: November 4, 2022 | RINCON LAW, LLP |
| | By: */s/Charles P. Maher* |
| | Charles P. Maher |
| | Counsel for Timothy W. Hoffman, |
| | Chapter 7 Trustee |